IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RHONDA HICKMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-2105-CM |
| ) | |
| PORTFOLIO RECOVERY ASSOCIATES ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff filed this single-count lawsuit against defendant on February 22, 2012. Currently before the court is plaintiff's motion to dismiss her lawsuit without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). She argues that dismissal without prejudice is warranted because "she can not afford to travel from her home in Kentucky to Kansas to effectively prosecute her action . . . ." (Doc. 19 at 1.) Her motion offers no further explanation for the relief sought.

Defendant opposes plaintiff's motion, requests dismissal with prejudice, and asks for an award of its attorney's fees and costs incurred in defending this lawsuit. Defendant argues that this relief is necessary because "the background of this case strongly suggests that [p]laintiff has not brought or maintained this lawsuit in good faith." (Doc. 21 at 1.) Plaintiff did not file a reply.

Rule 41(a)(2) allows a district court to dismiss a case at the plaintiff's request after the opposing party has filed an answer or a motion for summary judgment "only by court order, on terms the court considers proper." The purpose of this rule is to "prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (internal quotation and citation omitted). The conditions imposed should be limited to conditions that actually "alleviate any prejudice a defendant might otherwise suffer upon

refiling of an action." *Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991).

Based on the facts of this case, the court determines that the condition of dismissal with prejudice is not warranted. Although discovery has closed, there is no evidence that any discovery has been exchanged. Summary judgment motions have not been filed. Indeed, there is nothing in the record to suggest that defendant has devoted significant time or expense to defending these claims. In addition, plaintiff has provided a valid—although brief—explanation for the requested relief.

Defendant claims prejudice in having to defend a lawsuit that it believes plaintiff brought in bad faith. As one example, defendant argues that plaintiff's counsel misrepresented to defendant and this court the true reason for cancelling the initial mediation. It is concerning that plaintiff's counsel did not file a reply to these charges. But there is no evidence—absent defendant's speculation—that plaintiff's counsel engaged in such conduct.[1]

Defendant is, however, entitled to the following curative condition. Specifically, the court will dismiss this lawsuit without prejudice subject to the condition that, prior to refiling this claim in this court or any court, plaintiff will be required to pay defendant's reasonable attorney's fees and costs incurred in this action less any attorney's fees and costs for work that may be utilized in the subsequent action. *See AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1527–28 (10th Cir. 1997) (explaining that an award of attorney's fees is an appropriate condition for dismissal without prejudice). The procedure for implementing this condition will be as follows:

1. Plaintiff files a notice with this court (copy to defendant) of her intent to refile this claim;[2]

---

[1] Defendant also requests attorney's fees under 15 U.S.C. § 1692(k). Because the court does not find that this lawsuit was brought in bad faith or for purposes of harassment, attorney's fees under this section are not appropriate. Similarly, the court does not think the facts of this case warrant an award of fees under 28 U.S.C. § 1927.

[2] Plaintiff may refile her claim after this notice is filed, but she must promptly move the new court for a temporary stay pending resolution of the fee issue before this court.

2. Within fifteen (15) days of filing this notice, defendant may file an application with supporting case law, affidavits, and exhibits outlining its attorney's fees and costs incurred in defending this lawsuit less any attorney's fees and costs for work that may be utilized in the subsequent action;

3. Within fifteen (15) days of defendant's filing, plaintiff may file an opposition;

4. The court will enter an order stating the amount of fees and costs to be paid; and

5. Within ten (10) days of the court's order, plaintiff will file a notice with the court indicating that the amount of fees and costs has been paid. If plaintiff does not pay the required amount within this time, defendant may move the court for an order converting the dismissal without prejudice to dismissal with prejudice.

Because the court imposes a condition for this dismissal, plaintiff has the right to withdraw her motion to dismiss if this condition is too onerous. *See Gonzales v. City of Topeka*, 206 F.R.D. 280, 282 (D. Kan. 2001) ("The moving plaintiff must be given a reasonable opportunity to withdraw his motion if he finds those conditions unacceptable or too onerous.") (internal quotation and citation omitted). Therefore, the court gives plaintiff until December 27, 2012, to withdraw her motion. If plaintiff does not withdraw her motion within this time, then this order granting plaintiff's motion on the above condition will take effect on December 28, 2012.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Dismiss (doc. 19) is granted on the condition stated above subject to plaintiff's decision to withdraw her motion on or before December 27, 2012.

Dated this 14th day of December, 2012, at Kansas City, Kansas.

_s/ Carlos Murguia_____
**CARLOS MURGUIA**
United States District Judge